# N. Y. SUPERIOR COURT.

ISAAC MULLER, receiver, &c., agt. AMANDA M. HALL.

*A verbal trust — assignment of mortgage personally by an executrix without consideration.*

Where an executrix held a mortgage given to her as security for moneys due and coming due under her husband's will, and it was treated by her and the heirs as her personal property, which mortgage she assigned and executed personally without consideration to her daughter, the defendant:

*Held*, in supplementary proceedings against the executrix subsequently, that oral proof should not now change the legal effect of the assignment of the mortgage thus made, by claiming that it was held in trust by the executrix for her husband's estate, although it was assigned personally by her.

Besides, under the statutes, if the assignment had been in writing containing a trust for the person making the same, it would be void as against existing or subsequent creditors.

*Special Term, August,* 1875.

MOTION for judgment for the amount of surplus moneys under a mortgage foreclosure and sale.

SPEIR, *J.* — The plaintiff was appointed receiver on the 4th of November, 1874, in supplementary proceedings against Amanda M. Senior on a judgment of Robert S. Ross against her as indorser of a note dated February 23d, 1874, due November 14th, 1874, for $1,123.96. She had personal notice of the application for receiver and of his appointment at the time. Other judgments were obtained against her about the same time, amounting to over $6,000. It appears that Mrs.

Muller agt. Hall.

Senior, on the 18th of June, 1874, being the owner of a bond and mortgage made by her three sons for $10,000, then past due, assigned the same without consideration to her daughter, the defendant in this action, and on the 22d of June, 1874, the property covered by the mortgage was sold for $16,500 at a foreclosure sale had under a prior mortgage of $10,000, which covered the same property, and the defendant became the purchaser, received the referee's deed and still holds the fee. The surplus of that sale after payment of the prior mortgage, taxes, costs and expenses of foreclosure, was $3,145.21, which sum was adjudged applicable to the second mortgage, which had been assigned without consideration to the defendant. At the time the defendant was about to purchase under the sale of foreclosure of the first mortgage, she assigned the second mortgage she had received from her mother to one Hathaway, in order to prevent it from merging in the fee should she purchase the premises at the sale under the decree of foreclosure, and for the further purpose to secure the said Hathaway whatever moneys would be required to advance to defendants to enable her to make the necessary payments in the event of her purchase of the premises at the sale. The referee reported at said sale that the sum of $3,170.52 was due and owing to said Hathaway by virtue of an assignment to him for advances made by him to the defendants, and that the whole of the surplus moneys, subject to certain expenses, should be paid to him on account thereof. The question discussed on the trial was whether Mrs. Senior was the real owner of this mortgage assigned to her daughter without consideration. The defendant claims that it belonged to the estate of her mother's deceased husband; and some testimony was given that although the assignment was executed by her personally, not as executrix, and contained no written trust, yet was understood by the parties to be a verbal trust, and to have been held by the defendant in fact for the estate. It clearly appears, I think, that the mortgage was given to Mrs. Senior as security for the moneys due and

Muller agt. Hall.

coming due under her husband's will. It has been treated ever since August 3d, 1870, the date of the mortgage, by both her and the heirs as her personal property, and oral proof should not now change the legal effect of the record they have made (*Marks* agt. *Richtinger*, 57 *N. Y.*, 58). Besides, under the statutes, if the assignment had been in writing, containing a trust for the use of the person making the same it would be void as against existing or subsequent creditors. The plaintiff must have judgment for $3,145.25, with interest from June 22, 1874, with costs.